**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

**ADDENDUM "A"**

**Description of the Nature of the Action**

Darkpulse Inc., is a "microcap," a small publicly-traded startup company with stock prices too low to be traded on major exchanges. Like most microcaps, Darkpulse operates on a narrow budget, with overextended personnel and part-time legal counsel; they have no powerful lobbies in Washington. Predatory lenders like FirsFire Global Opportunity Fund, LLC ("FirstFire") are more than willing to take advantage of these circumstances, and for that reason microcaps are the primary targets of their schemes.

Firstfire loaned Darkpulse a total of $975,000, via the purchase of two "convertible" promissory notes, the first purchased in September 2018 for $225,000 and the second purchased in April 2021 for $750,000. Both were nine-month loans, but the September 2018 Note specified Nevada law, and the April 2021 Note specified New York law. Although the Notes carried a stated interest of eight and ten percent a.p.r., the actual interest charged was exponentially higher; further, the April 2021 Note contained added charges (such as a 10% original issue discount and 60,000,000 commitment shares) which rendered the Note criminally usurious on its face under New York law. By the time the dust had settled, FirstFire had used the Notes to obtain more than $38,000,000 in newly-issued Darkpulse stock, which, by taking advantage of loophole in certain securities regulations, it immediately sold into the market.

In the last few years, both the Securities and Exchange Commission ("SEC") and the New York courts have begun to recognize the damaging and predatory nature of these loans. *See* e.g., *Adar Bays v. GeneSYS Id,* 37 N.Y.3d 320, 324 (2021) (unanimously holding that a usurious loan to a corporation is void *ab initio*). These rulings have given microcaps a fighting chance against toxic lenders. Even so, this is no easy feat: lenders' huge profits can buy the services of the best law firms in the world. Case in point: as soon as the *Adar Bays* ruling was issued, FirstFire drafted a single-page amendment to the April 2021 contract to change the choice of law from New York to Delaware (which has no usury laws). FirstFire then tracked down Darkpulse's CEO (then out-of-state attending a conference and completely unaware of the *Adar Bays* decision) who signed the amendment. The single-page amendment was dated October 26, 2021, but recited that it had been entered into on October 14, 2021, the date of the *Adar Bays* decision.

This case is Darbkpulse's attempt to take back at least a portion of what the toxic lenders extracted from the company. Darkpulse has two causes of action to fight back with: First, Darkpulse has a cause of action provided by securities laws: According to recent SEC cases, lenders using FirstFire's business model operate as unregistered securities dealers in violation of section 15(a) of the Securities and Exchange Act of 1934 ("the Act"). Under section 15(a), *it is unlawful for an unregistered securities dealer to effect any transaction in securities.* 15 U.S.C. § 78o(a).

Accordingly, Darkpulse filed this action in the district court seeking to rescind the FirstFire contracts under section 29(b) of the Act, which provides a right of rescission for contracts "made or performed" in violation of any provision of the Act. Darkpulse argued to the district court that, as an unregistered securities dealer, FirstFire was not legally permitted (under section 15(a) of the Act) to purchase the Notes to begin with.

Second, Darkpulse has a cause of action based on FirstFire's collection of an unlawful debt under the anti-loansharking provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). RICO is not a cause of action for usury– it is a cause of action based on the lender's collection of a debt that is "unenforceable under State or Federal laws" relating to usury if the lender operates a business collecting usurious loans. 18 U.S.C. 1961(6).

Hence, a question squarely put into issue was whether the choice of law provision was enforceable, and whether the court would reward FirstFire's transparent attempt to escape New York's usury statute (which holds usurious loans void *ab initio*) by simply tacking on an amendment.

On December 31, 2021, DarkPulse filed suit against FirstFire and Eli Fireman for RICO violations and for section 29(b) rescission of the contracts based on violations of section 15(a) of the Act. In response, the Defendants interposed two defenses; (1) that the April 2021 Note is exempt from New York usury laws because it was validly amended to choose Delaware law; and (2) that the Notes did not require FirstFire to act a securities dealer and, therefore, did not violate the Act.

## THE RESULT BELOW

<u>The New York Southern District Dismisses Both of Darkpulse's Claims Against FirstFire.</u>

1. **The Court Dismisses the RICO Claim Based on the Amended Choice of Law.**

On January 16, 2023, the court granted the Defendants' motion to dismiss. The court's granting of the motion to dismiss is based upon presumptively allowing an agreement, that was governed by New York law and, therefore, void *ab initio* for violating New York usury laws, to be amended after partial performance that purportedly purged the April 2021 Note of its usurious nature by changing its choice of law clause from New York to Nevada. *DeSola Grp., Inc. v. Coors Brewing Co.*, 199 A.D.2d 141, 141-42 , 605 N.Y.S.2d 83 (1st Dep't 1993). In further support of its opinion and order, the Court also stated that a corporation cannot assert usury affirmatively in New York. DarkPulse did not have a cause of action for usury in its dismissed complaint.

2. **The Court Rejects DarkPulse's §29(b) Claim for Rescission Under the Act.**

   The district court dismissed DarkPulse's claim for rescission under section 29(b) because even if FirstFire was an unregistered securities dealer, the transaction was not prohibited by section 15(a). To wit, even though section 15(a) expressly states that it is unlawful for an unregistered securities dealer "to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security," 15 U.S.C. § 78o(a)(1), and even though purchasing the Notes in this case is obviously effecting a transaction in securities, the court nonetheless held

> DarkPulse argues that because FirstFire was obligated to purchase the Notes, the SPAs cannot be performed without violating the Exchange Act. However, obligating FirstFire to purchase the Notes does not "explicitly require" FirstFire to act as a broker.

*Darkpulse, Inc. v. Firstfire Global Opportunities Fund, LLC*, No. 21-cv-11222, 2023 U.S. Dist. LEXIS 7874, at *27 (S.D.N.Y. Jan. 16, 2023). The district court's conclusion above is patently wrong: The court acknowledged that the contract required an unregistered securities dealer to effect a transaction in securities: this would violate section 15(a). Hence, the court's rejection of the claim because the obligation did not also "explicitly require FirstFire to act as a broker" is utterly beside the point, and almost nonsensical. Section 15(a) prohibits transactions in securities by unregistered securities dealers, not "acting as a broker."